**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ZERELDA LOUISE EADY,

               Plaintiff,

vs.                                                               Case No.  3:13-cv-228-J-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

               Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I.  Status**

Zerelda Louise Eady ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").  Her alleged inability to work is based upon "back problems and depression[,]" medication side effects, and "migraines."  Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed May 21, 2013, at 40, 72, 75.  On June 24, 2009, Plaintiff filed applications for DIB and SSI, alleging an onset disability date of February 28, 2009.  Tr. at 129-30, 136-37.  Plaintiff's claims were denied initially, Tr. at 64-65, 68-69, and were denied upon reconsideration, Tr. at 73-74, 76-77.

On May 4, 2011, a hearing was held before an Administrative Law Judge ("ALJ"), during which Plaintiff and a vocational expert ("VE") testified.  Tr. at 33-57.  Plaintiff was

---

[1]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed May 23, 2013; Reference Order (Doc. No. 15) entered May 24, 2013.

represented by an attorney at the hearing. Tr. at 33, 35. At the time of the hearing, Plaintiff was thirty-nine (39) years old. Tr. at 37. The ALJ issued an unfavorable Decision on May 24, 2011, finding Plaintiff not disabled through the date of the Decision. Tr. at 19-27. On January 8, 2013, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. Plaintiff then commenced this action on March 4, 2013 under 42 U.S.C. § 405(g) and § 1383(c)(3), by filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal: whether "[t]he Commissioner erred in failing to properly analyze [Plaintiff's] fibrositis as a legitimate basis for her pain and other symptoms and the impact of her fibrositis on her ability to perform sustained full-time employment"; and whether the Commissioner properly evaluated two of the medical opinions in the administrative transcript. Plaintiff's Brief (Doc. No. 17; "Pl.'s Br."), filed July 22, 2013, at 9 (first quotation, emphasis omitted), 15-20. On September 19, 2013, Defendant filed a memorandum addressing the issues raised by Plaintiff. See Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem."). After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons stated in this Opinion and Order.

## II. The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry through step four, where his inquiry ceased based on his finding regarding Plaintiff's ability to return to her past relevant work. See Tr. at 21-27. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since February 28, 2009, the alleged onset date." Tr. at 21 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff suffers from "the following severe impairments: degenerative disc disease of the cervical and lumbar spine, obesity, and migraines." Tr. at 21 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 22 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b)." Tr. at 22. At step four, the ALJ found Plaintiff "is capable of performing past relevant work as a claims clerk and cashier/supervisor." Tr. at 26 (emphasis omitted). According to the ALJ, "[t]his work does not require the performance of work-related activities precluded by

[Plaintiff's RFC]."  Tr. at 26 (emphasis and citations omitted).  The ALJ concluded that Plaintiff "has not been under a disability . . . from February 28, 2009, through the date of th[e D]ecision."  Tr. at 27 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ."  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'"  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## **IV.  Discussion**

Plaintiff's first issue deals with her diagnosis of "fibrositis."  Pl.'s Br. at 9-15.  Plaintiff argues that "[t]he ALJ erred in failing to consider [Plaintiff's] fibrositis as a distinct medical condition and failed to evaluate whether the diagnosis and examination findings were consistent with her pain and other symptoms."  Id. at 9-10.  Plaintiff contends that her treating physician repeatedly diagnosed her as suffering from "fibrositis," id. at 10, 11, and she argues that "[t]he ALJ failed to explain why he was not crediting [Plaintiff's treating physician's] diagnosis" of fibrositis, id. at 14.  Plaintiff cites legal authority addressing how ALJs are to handle medical opinions and how courts view ALJ's decisions dealing with fibromyalgia.  Id. at 10-11, 12-13.  Upon review, it appears Plaintiff is in large part challenging the ALJ's consideration of the medical opinions of Plaintiff's treating physician, Reetu Grewal, M.D.  In her second issue, Plaintiff asserts that the ALJ erred in his consideration of and weight assigned to the medical opinions of Lily S. Rocha, M.D., an examining physician,[3] and Elizabeth M. Michalec, Ph.D., an examining psychologist.  See id. at 16-19.  Because both of Plaintiff's issues deal with the ALJ's treatment of medical opinions, the issues are addressed together.

---

[3] Dr. Rocha completed a form entitled "1.04 Listing Letter/PRFC" on May 2, 2011, Tr. at 947-48, and she authored a summary opinion of an examination of Plaintiff she performed on April 14, 2011, Tr. at 944-45, as well as a Physical RFC Questionnaire dated April 14, 2011, Tr. at 937-42. Plaintiff appears to only challenge the ALJ's discrediting of the April 14, 2011 opinions (summary opinion and Physical RFC Questionnaire) and not of the form regarding Listing 1.04.  See Pl.'s Br. at 17 (recognizing that "[i]t is apparent from the form that Dr. Rocha was not clear what the requirements of the listing were").

**A. Applicable Law Relating to Medical and Other Opinions**[4]

The Regulations establish a "hierarchy" among medical opinions that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)).  The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization."  20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(f).

With regard to a treating physician,[5] the Regulations instruct ALJs how to properly weigh such a medical opinion.  See 20 C.F.R. § 404.1527(c).  Because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's medical opinion is to be

---

[4] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

[5] A treating physician is a physician who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. When a treating physician's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors listed above. Id.

If an ALJ concludes the medical opinion of a treating physician should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's own medical records. Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).

An examining physician's opinion, on the other hand, is not entitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted). Similarly, the opinions of nonexamining physicians, taken alone, do not constitute substantial evidence. Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985) (citing Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985)). However, an ALJ may rely on a nonexamining physician's opinion that is consistent with the evidence, while at the same

time rejecting the opinion of "any physician" whose opinion is inconsistent with the evidence. Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981) (citation omitted).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham, 660 F.2d at 1084 (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440.

## B. Analysis of ALJ's Findings

As to Dr. Grewel, the ALJ summarized Dr. Grewel's treatment notes showing the diagnoses of fibrositis; results of MRIs performed on Plaintiff's spine; and Plaintiff's reports to Dr. Grewel "[i]n March of 2011, [that she had] no neck pain[, and that s]he was taking Lortab with fair relief and no side effects." Tr. at 24.[6] The ALJ also listed Plaintiff's diagnosis of fibrositis when summarizing the treatment notes of Ghaith Mitri, M.D. Tr. at 23.[7]

---

[6] The ALJ did not refer to Dr. Grewel by name. See Tr. at 26. The ALJ cited to Exhibits 15F and 22F and provided summaries of those exhibits. Tr. at 24. Those exhibits are the treatment notes of Dr. Grewel.

[7] The ALJ did not refer to Dr. Mitri by name. See Tr. at 23. The ALJ cited to Exhibit 14F and provided summaries of that exhibit. Tr. at 23. That exhibit consists of the treatment notes of Dr. Mitri.

The ALJ recognized Plaintiff's diagnosis when summarizing the notes of those two physicians, which reflects that the ALJ at least acknowledged fibrositis as one of Plaintiff's diagnoses. As noted by the Commissioner, Plaintiff's "diagnosis of fibrositis is of little value because the diagnosis does not indicate the extent to which fibrositis would limit her ability to work." Def.'s Mem. at 5 (citing Moore, 405 F.3d at 1213 n.6; McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986); Social Security Ruling (SSR) 12-2p, available at, http://www.socialsecurity.gov/ OP_Home/rulings/di/01/SSR2012-02-di-01.html). Plaintiff fails to point to any medical evidence or opinion imposing any work-related limitations stemming from Plaintiff's fibrositis. In fact, a review of Dr. Grewel's treatment notes reflects that Dr. Grewel's plan for Plaintiff's fibrositis remained consistent: hydrocodone and flexeril, follow up with pain management and rheumatology, and continue with moist heat and massage. Tr. at 441, 444, 447, 451, 928, 931. The ALJ generally observed that Plaintiff's "treatment has been essentially routine and/or conservative in nature," Tr. at 25, and that "the medical records reveal that the medications have been relatively effective in controlling [Plaintiff's] symptoms," Tr. at 26. In separately analyzing Dr. Grewel's treatment, the ALJ again recognized that "in March of 2011, [Plaintiff] reported no neck pain; she was taking Lortab with fair relief and [had] no side effects." Tr. at 26 (referring to Tr. at 926).[8]

The ALJ's failure to specifically assign weight to Dr. Grewel's treatment notes, that fall under the broad definition of a "medical opinion," is harmless error. See Wright v. Barnhart, 153 F. App'x 678, 684 (11th Cir. 2005). While Dr. Grewel's treatment notes reflect a

---

[8] The ALJ again did not mention Dr. Grewel by name nor did the ALJ provide a citation to the administrative transcript. The ALJ's reference to Plaintiff's "primary care physician at Anchor Plaza Family Medicine" and the ALJ's summary of the treatment note, including the date the note was authored, clearly reflect the ALJ was referring to Dr. Grewel's treatment note.

diagnosis of fibrositis, Dr. Grewel never indicated that Plaintiff was unable to perform any work-related functions due to her fibrositis (or any other condition).  See id.; see also Gilkeson v. Comm'r of Soc. Sec., No. 2:12-cv-657-FtM-38DNF, 2014 WL 982693, at *7 (M.D. Fla. Mar. 12, 2014) (unpublished) (collecting cases finding the same).  No error is found here.

As to Dr. Michalec, the ALJ summarized Dr. Michalec's psychiatric findings, noting that Dr. Michalec did not provide any psychiatric diagnosis; however, the ALJ did not specifically summarize the physical observations that Dr. Michalec made during her one-time psychological evaluation of Plaintiff.  Tr. at 22-23 (citing Tr. at 307-13).  With respect to physical limitations, Dr. Michalec opined that Plaintiff "would have difficulty sitting long enough to" work in a call center and that "[s]he is not able to maintain a regular schedule." Tr. at 312.

It is clear that the ALJ at least considered Dr. Michalec's opinion to the extent it related to the purpose of the evaluation and Dr. Michalec's specialty (psychology). The ALJ did not specifically summarize the physical limitations observed by Dr. Michalec.  Those physical limitations were based on Dr. Michalec's visual observations of Plaintiff and Plaintiff's statements to Dr. Michalec–not on a physical examination performed by Dr. Michalec or other medical evidence.

Plaintiff's statements about her limitations, including her testimony that she can only sit for 15-20 minutes, were discredited by the ALJ, see Tr. at 25-26, and Plaintiff does not challenge that on appeal.  It follows that Dr. Michalec's opinion, to the extent it was based on Plaintiff's reports of her limitations, would also be discredited.  Moreover, rather than

relying on Dr. Michalec's notations regarding Plaintiff's physical abilities, the ALJ relied on other objective medical evidence and medical opinions in the record in finding Plaintiff retains the ability to perform light work. See Tr. at 25-26. On the whole, no error is found here.

Regarding Dr. Rocha's opinions, the ALJ thoroughly summarized the results of Dr. Rocha's April 2011 examination, Tr. at 24 (referring to Tr. at 944-45), and Dr. Rocha's Physical RFC assessment, Tr. at 24-25 (referring to Tr. at 937-42). The ALJ recognized that he considered her opinion, and the ALJ determined that it was deserving of only "little weight." Tr. at 26. The ALJ explained "that Dr. Rocha had the opportunity to examine [Plaintiff]; however, her opinion is not supported by objective medical findings and it is inconsistent with the evidence of record when considered in its entirety." Tr. at 26; see also Tr. at 22. The ALJ also stated that Plaintiff "underwent the examination that formed the basis of [Dr. Rocha's] opinion in question not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal." Tr. at 26. The ALJ continued, "Further, [Dr. Rocha] was presumably paid for the report. Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored." Tr. at 26.

"An examining doctor's findings are entitled to no less weight when the examination is procured by [Plaintiff] than when it is obtained by the Commissioner." Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1995) (citation omitted). Indeed, it is generally a plaintiff's burden to prove disability, and a plaintiff cannot be faulted for gathering evidence in an attempt to meet that burden. It seems the ALJ considered it somewhat significant that Plaintiff underwent the examination "through [an] attorney referral and in connection with an effort

to generate evidence for the current appeal," and that Dr. Rocha was paid for the examination. Tr. at 26. The undersigned disregards these reasons.

Nevertheless, the other reasons stated by the ALJ for providing Dr. Rocha's opinion "little weight," i.e., inconsistency with evidence of record and not supported by objective medical findings, are supported by substantial evidence, and on their own are sufficient to uphold the ALJ's Decision in this regard. As with Dr. Michalec's opinion, the ALJ determined that more weight was to be placed on other medical opinions, specifically the opinions of the non-examining state agency consultants, and the other medical evidence, "particularly in a case like this in which there exist a number of other reasons to reach similar conclusions." Tr. at 26 (citing 314-27, 328-35, 400-13, 414-21); see Oldham, 660 F.2d at 1084 (observing that an ALJ may rely on a non-examining physician's opinion that is consistent with the evidence while rejecting any other opinion that is inconsistent with the evidence). The ALJ did not err with respect to the weight assigned to Dr. Rocha's opinion.

## V. Conclusion

Reviewing the entirety of the ALJ's Decision shows that he thoroughly examined the medical evidence and opinions in the record. The ALJ explained his reasoning with sufficient detail for the undersigned to be able to properly review his Decision. The undersigned finds no error with respect to the ALJ's treatment of the medical opinions in the record and the ALJ's assessment of Plaintiff's diagnosis of fibrositis. The ALJ's Decision is supported by substantial evidence.

For the foregoing reasons, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **AFFIRMING** the Commissioner's final decision.

2. The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 28, 2014.

_____
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:
Counsel of Record